UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

GENERAL SECURITY, INC.

                Plaintiff,

-vs.-

APX ALARM SECURITY SOLUTIONS, INC. and
APEX ALARM, LLC,

                Defendants.

**CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER**

08-CV-0927 (DNH/GHL)

    IT IS HEREBY STIPULATED AND AGREED by and between the parties through their respective undersigned counsel, that the Protective Order as set forth herein be adopted for the protection of confidential information disclosed during this action:

    1.    Any party producing information in this civil action (whether orally during testimony at depositions, in interrogatory answers, through production of documents and things, in answering requests for admission, or otherwise) that has not been made public and that the party in good faith reasonably believes reflects confidential information may designate such information "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" as specified below. Information so designated by either party and marked as specified below will thereafter be subject to the provisions of this Stipulated Protective Order unless otherwise ordered.

    2.    Any such information that is disclosed by or on behalf of any party in this action, if in writing (e.g., in a document or an interrogatory answer), shall be stamped or otherwise clearly marked either CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY on each page of the writing on which such information is disclosed, or, if through production of a thing, shall be labeled or otherwise clearly marked CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY.

3. Information may be marked:

(a) CONFIDENTIAL only if it contains trade secrets, competitively sensitive information or other confidential information the present disclosure of which would, in the good faith belief of the designating party, be detrimental to the designating party in the conduct of its business; or

(b) CONFIDENTIAL – ATTORNEYS' EYES ONLY if it meets the requirements of items designated as CONFIDENTIAL and, in addition, the further disclosure of which poses an unreasonable risk of material harm to the designating party.

4. Any information that is produced under this order shall be classified at the lowest level of confidentiality that is sufficient to reasonably protect that information, with the designation CONFIDENTIAL being a lower level of confidentiality than the designation CONFIDENTIAL – ATTORNEYS' EYES ONLY. Counsel for the parties shall, from time to time or upon request from opposing counsel, review current classifications and either declassify or lower classifications in order to reflect the current reasonableness of such classifications.

5. Stamping or marking of the information as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY shall take place prior to production of the information by the producing party. In the event that documents and things are produced for inspection, no marking need be made by the producing party in advance of the inspection. For purposes of the inspection, all documents and things produced shall be considered as marked CONFIDENTIAL – ATTORNEYS' EYES ONLY. Thereafter, upon selection of specified documents and things for copying or reproduction by the inspecting party, the producing party shall mark as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY the copies of such documents and things that the providing party believes contain information that falls within the appropriate confidentiality designation at the time the copies are handed over to the inspecting party.

6. Any such information that is disclosed orally by or on behalf of any party in this action (*e.g.*, during a deposition) may be designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY subject to the provisions of this Stipulated Protective Order by so designating the oral testimony or portions thereof. A party may make such a designation by making an appropriate statement at the time of the testimony. A party may also so designate portions of depositions after transcription but shall have a thirty (30) day period

after receipt of the deposition transcript within which to inform the other parties in writing of the portions of the transcript that are to be designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY, after which period the right to make such a designation shall be waived. The non-disclosing party shall take appropriate steps to ensure that the deposition transcript of the disclosing party is treated as CONFIDENTIAL- ATTORNEYS' EYES ONLY until such time as the disclosing party makes any designation regarding confidentiality or until the expiration of the thirty (30) day review period. The disclosing party shall have the right to exclude from attendance at said deposition any person other than the deponent, trial counsel (including their staff and associates, consultants and expert witnesses), the Court reporter, and the person(s) agreed upon pursuant to paragraph 8 below, during such time as the information designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY is to be disclosed. The originals of said deposition transcripts and all copies thereof shall bear the legend CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY, as appropriate, and the original shall at the time of filing with the Court be sealed, identified as being subject to this Order, and not opened except by order of this Court.

    7.  In the event that the producing party inadvertently fails to designate as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY any information that is produced and that the producing party reasonably believes should be so designated, the producing party may subsequently make such a designation by notifying opposing counsel in writing as soon as practicable. After receipt of such notification, the party to whom disclosure has been made will treat the information as if designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY subject to the requirements of this Stipulated Protective Order.

    8.  Any information designated CONFIDENTIAL – ATTORNEYS' EYES ONLY in accordance with paragraphs 1-7 above may be shown, and its contents disclosed, only to:

    (a)  APX In-house counsel Nathan Wilcox and outside counsel specifically retained by the receiving party for advice concerning this action and necessary clerical and legal support personnel employed by such outside counsel; and

(b) Independent experts or consultants retained by counsel of record for purposes of this proceeding, subject, however, to the limitations and requirements contained in paragraph 9 below.

Any information designated CONFIDENTIAL in accordance with paragraphs 1-7 above may be shown, and its contents disclosed, in addition to those persons identified above, only to:

(c) two employees of the receiving party (or of a related company of which the receiving party is a wholly-owned subsidiary) who have been designated by that party for participation in policy decisions with regard to this action;

(d) Stenographic and clerical employees associated with any of the individuals enumerated above.

Under no circumstance may information designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY be disclosed to any person or entity other than those identified respectively above except with the prior written consent of the producing party. However, any person indicated on the face of the document or thing as its originator, author or a recipient of a copy thereof may be shown the same.

9. Before counsel of record for a receiving party discloses information designated CONFIDENTIAL – ATTORNEYS' EYES ONLY to any independent expert or independent consultant pursuant to paragraph 8(b) above, and before counsel of record for a receiving party discloses information designated CONFIDENTIAL to a person referred to in paragraph 8(c), counsel for the receiving party must first produce to opposing counsel in writing by facsimile, e-mail or by overnight delivery the name, position and curriculum vitae of the proposed expert, consultant or employee so as to permit the producing party to determine, in

good faith, whether the proposed expert or employee cannot or will not abide by the terms of this order or, in the case of a proposed expert or consultant, has a present conflict of interest in this matter. If the producing party does not object to the proposed expert, consultant or employee within ten (10) days of receiving the identification, then counsel for the receiving party may disclose the information designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY to the proposed expert, consultant or employee; provided, however, that said expert, consultant or employee first executes a copy of the declaration attached hereto as Exhibit A and thereby agrees to be bound by the provisions of this Confidentiality Agreement and Stipulated Protective Order. Counsel of record shall provide to each other copies of all declarations executed by experts, independent consultants or employees promptly after such declarations are executed. In the event that the producing party objects to disclosure of information designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY to the proposed expert, consultant, or employee and if the parties cannot resolve the dispute on an informal basis, then counsel for the receiving party shall apply to the Court for a ruling on the objections of the other party within ten (10) days of receipt of objection. In such event, counsel for the receiving party must withhold disclosure of information from the proposed expert, consultant or employee pending the Court's ruling.

    10. All confidential customer information (such as Social Security numbers, checking account or credit card numbers, etc.) shall be redacted from any responsive document being produced during discovery. In the event that any confidential customer information is inadvertently not redacted, such inadvertent disclosure shall not be deemed a waiver of its confidential nature and shall be deemed CONFIDENTIAL - ATTORNEYS' EYES ONLY. In addition, all confidential customer information contained in any audiotapes shall be deemed

CONFIDENTIAL - ATTORNEYS' EYES ONLY since it cannot be reliably edited from the audiotapes, and will not be utilized by the opposing party in any manner.

11. The parties are in the process of negotiating an agreement concerning *ex parte* communications with any customers of the opposing party not specifically identified in the Amended Complaint and whose names appear on any customer list or other document produced in the course of discovery. The parties agree to not engage in any such *ex parte* communications until such time as they reach a written agreement or the Court enters an order regarding this issue. The parties specifically agree that neither party shall use any information submitted in this litigation, regardless of its designation under the terms of this Agreement, for the purpose of soliciting customers of the other party to terminate or discontinue their agreement with the other party. However, nothing in this Agreement shall prohibit or proscribe either party from communicating or soliciting customers or potential customers in the normal course of that party's sales practices or business.

12. All information disclosed in this civil action, whether or not designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY, may be used only for purposes of this action and not for any other actions or any business purpose whatsoever.

13. In the event that a party receiving information that the other party has designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY disagrees with the propriety of that designation, then the parties will first try, in good faith, to resolve such dispute on an informal basis before presenting the dispute to the Court by motion or otherwise. The Court may then determine whether the information should be considered CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY and, if so, may rule on what restrictions to access or disclosure should be imposed. All information whose designation as

CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY has been disputed shall be treated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY until such time as the Court determines or the parties agree otherwise. No party shall be obligated to challenge the propriety of the CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY designation at the time of production, and a failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

14. Prior to filing any pleadings, responses to requests for discovery, motions or other documents with the Court that disclose any information designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY, the information shall be designated appropriately and the filing party agrees to seek permission to file such information under seal. If such request is granted, the filing shall be submitted with a cover sheet bearing the caption of this action and containing the following notice: "CONFIDENTIAL - SEALED BY ORDER OF THE UNITED STATES DISTRICT COURT: FILED PURSUANT TO PROTECTIVE ORDER", and shall be kept under seal until further Order of the Court. Where possible, only those portions of filings with the Court that may reasonably be classified as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY information shall be filed under seal.

15. Non-parties who provide confidential information in response to a subpoena or discovery request in this action may invoke the protections of this Confidentiality Agreement and Stipulated Protective Order for such information by designating that information CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY in accordance with the terms of this Order.

16. This Confidentiality Agreement and Stipulated Protective Order is without prejudice to the right of any party to seek relief from or modification of any provision contained herein after notice to the other party.

17. The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that:

  (a) was, is or becomes public knowledge, not by any act of a party or person in violation of this Confidentiality Agreement and Stipulated Protective Order;

  (b) is independently acquired by the non-designating party by itself or from a third party having the right to disclose such information or material; or

  (c) was lawfully possessed by the non-designating party prior to the entry by the Court of this Order.

18. All documents, things, deposition transcripts, interrogatory answers and other information designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY under the terms of this Confidentiality Agreement and Stipulated Protective Order shall be returned to counsel representing the producing party or shall be destroyed in accordance with agreement of counsel, within thirty (30) days following this action's final determination. Counsel for each party may retain copies of all pleadings, motions and other documents filed with the Court.

19. Any discovery documents produced in this litigation may later be designated as "Attorney-Client Privilege" or "Attorney Work Product" promptly upon discovery by the producing party that any such privileged or protected document was produced through inadvertence, mistake or other error, and no waiver of privilege or immunity shall be deemed to have occurred. Upon such designation, the receiving attorney promptly shall collect all such documents and copies thereof and return them to the producing party. Notwithstanding the

above, the receiving attorney reserves the right to contest the assertion of privilege or other protection with respect to any document.

20. The parties and its successors, assigns and related entities agree to submit this Confidentiality Agreement and Stipulated Protective Order for entry by the Court and to be bound by its terms prior and subsequent to entry by the Court. This Confidentiality Agreement and Stipulated Protective Order shall remain in effect unless modified by an Order of the Court or by written stipulation of the parties filed with the Court.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.

Dated: March 13, 2009              **HARRIS BEACH PLLC**

                                    By: s/Michael J. Masino
                                        Michael J. Masino, Esq.
                                        *Attorney for Defendants*
                                        99 Garnsey Road
                                        Pittsford, New York 14534
                                        (585) 419-8800
                                        mmasino@harrisbeach.com

Dated: March 13, 2009              **NIXON PEABODY LLP**

                                    By: s/Jena R. Rotheim
                                        Jena R. Rotheim, Esq.
                                        *Attorney for Plaintiff*
                                        677 Broadway, 10th Floor
                                        Albany, New York 12207
                                        (518) 427-2650
                                        jrotheim@nixonpeabody.com

9

PURSUANT TO STIPULATION, IT IS
SO ORDERED:

Dated: March 13, 2009

*[signature: George H. Lowe]*

Honorable George H. Lowe
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare that I have read the Confidentiality Agreement and Stipulated Protective Order signed by the parties and ordered by the Court in the case of GENERAL SECURITY, INC. V. APX ALARM SECURITY SOLUTIONS, INC. and APEX ALARM, LLC, Case No. 08-CV-0927 (DNH/GHL). I understand the terms of the Confidentiality Agreement and Stipulated Protective Order and agree to be bound by all of the requirements and restrictions of said Order. I declare under penalty of perjury that the foregoing is true and correct.

Date:_____     Signed: _____